IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Judy Darline Sigman,<br><br>               Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>               Defendant. | Case No. 3:25-cv-00667 |

**Notice of Removal**

Defendant Select Portfolio Servicing, Inc. ("SPS") removes the above-referenced action under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 from the Mecklenburg County, North Carolina General Court of Justice, Superior Court Division, as Civil Action No. 25CV040360-590, to the United States District Court for the Western District of North Carolina, Charlotte Division. SPS denies the allegations of the Complaint and files this Notice without waiving any defenses, motions, exceptions, or rights that may exist in its favor in either state or federal court.

**I.    The procedural requirements for removal have been satisfied.**

    **A.    This Notice of Removal is timely filed.**

Plaintiff Judy Darline Sigman commenced this lawsuit by filing a Summons and Complaint on August 7, 2025. (**Exhibit 1**, State Court Pleadings and Docket.) SPS accepted service on August 7, 2025. (*Id.*) This Notice of Removal is filed within thirty days of SPS's first receipt of the action and is timely under 28 U.S.C.

033812.02042                Page 1 of 8
Case 3:25-cv-00667-KDB-DCK    Document 1    Filed 09/04/25    Page 1 of 8

§ 1446(b)(2). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

B. **SPS has attached a copy of the pleadings and given notice.**

True and correct copies of the Complaint and all process, pleadings, and other materials received by SPS in this action are attached as Exhibit 1 and are being filed with this Notice of Removal. SPS has confirmed by a review of the Docket that no further materials have been filed as of the date of filing this removal.

As evidenced by the declaration of service, SPS is providing written notice of this Removal to Plaintiff and the state court under 28 U.S.C. § 1446(d).

C. **The Division is proper.**

This division is the proper division for removal because the state court action was filed in Mecklenburg County, North Carolina. 28 U.S.C. § 1446(a).

II. **This Court has federal question jurisdiction over this case.**

This action is within the original jurisdiction of the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1331. Plaintiff has asserted a federal cause of action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x. (Compl. ¶¶ 46, 93–104.) This invocation of federal law supports removal. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." (emphasis in original)). As such, this action is subject to removal based on federal question jurisdiction.

**III. The Court also has diversity jurisdiction over Plaintiff's claims.**

This action is also within the original jurisdiction of the United Sates District Court for the Western District of North Carolina based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). Section 1332(a) provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This action satisfies both statutory requirements.

**A. The parties are completely diverse.**

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of different states. Plaintiff is a citizen of North Carolina. (Compl. ¶ 1.) SPS is organized and existing under the laws of the State of Utah, with its principal place of business in Utah. (Compl. ¶ 2; **Exhibit 2**, Patrick Pittman Decl. ¶ 3.) Thus, Plaintiff and SPS are completely diverse.

**B. The amount in controversy exceeds $75,000.**

When the aggregate damages a party may recover exceed $75,000, the amount-in-controversy requirement for diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a). In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). The Court's determination as to the amount in controversy must include consideration of any

requests for treble damages, punitive damages, and/or attorneys' fees made in the complaint. *See Talantis v. Paugh Surgical, Inc.*, 273 F. Supp. 2d 710, 713 n.3 (M.D.N.C. 2003) ("Attorney's fees may be included in the damages calculation for purposes of diversity jurisdiction when a right to such fees is provided by statute." (citing Missouri State Life Ins. v. Jones, 290 U.S. 199, 202 (1933)); *Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 499 (M.D.N.C. 2003) (considering treble damages under N.C. Gen. Stat. § 75-16 to conclude the amount-in-controversy requirement had been met); *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 WL 2992219 (M.D.N.C. July 9, 2019) ("Treble damages and punitive damages are generally included within the amount in controversy when the plaintiff is permitted to recover those damages under applicable law." (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).

Although SPS disputes Plaintiff's entitlement to any relief, the amount-in-controversy requirement has been met based on the damages Plaintiff seeks in the Complaint. Plaintiff alleges she has incurred damages in excess of $25,000 in two of her seven causes of action. (Compl. ¶¶ 70, 81.) Plaintiff also seeks treble damages, attorney's fees, and costs under N.C. Gen. Stat. §§ 75-16 and 75-16.1. (Compl. ¶ 92.) "Treble damages can be used to meet the amount-in-controversy requirement for federal court diversity jurisdiction." *Withers v. BMW of N. Am., LLC*, 560 F. Supp. 3d 1010, 1017 (W.D.N.C. 2021) (citing *Am–Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, No. 1:16-cv-520, 2017 WL 414382, at *3 (M.D.N.C. Jan. 31, 2017)).

"Simply trebling the compensatory damages sought" in Plaintiff's Complaint, in which Plaintiff seeks an excess of $25,000, for an alleged violation of the North Carolina Unfair and Deceptive Trade Practices Act "satisfies the minimum jurisdiction amount necessary to support removal." *AM-Rail Constr.*, 2017 WL 414382, at *3. Plaintiff also seeks compensatory damages in excess of $25,000 for her defamation cause of action, and seeks her "actual damages, plus costs and reasonable attorney's fees" for her FCRA cause of action. (Compl. ¶¶ 81, 104.) Combined, "the pecuniary result" to Plaintiff that any "judgment would produce" would exceed the amount in controversy required by 28 U.S.C. § 1332(a). *Dixon*, 290 F.3d at 710. Therefore, the court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

## IV. The Court also has supplemental jurisdiction over any remaining claims.

Plaintiff's claims are all derived "from a common nucleus of operative fact." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 588 (2005). Indeed, all of Plaintiff's claims incorporate the same factual allegations as the federal claim, (Compl. ¶¶ 47, 56, 64, 71, 82, 86), which also incorporates all the preceding paragraphs by reference, (*id.* ¶ 29). Therefore, the Court also has supplemental jurisdiction over any claim for which it lacks original jurisdiction. 28 U.S.C. § 1367.

## V. Request for briefing and oral argument.

If any question arises as to the propriety of removal, SPS requests the chance to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper. *See Dart Cherokee Basin Operating Co.*

*v. Owens*, 574 U.S. 81, 88 (2014); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008).

## Conclusion

Therefore, SPS removes this matter from the North Carolina General Court of Justice, Superior Court Division to the United States District Court for the Western District of North Carolina, Charlotte Division under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

**Nelson Mullins Riley & Scarborough LLP**

By: */s/ Matthew A. Abee*
    Matthew A. Abee, N.C. Bar No. 46949
    Matt.abee@nelsonmullins.com
    1320 Main Street, 17th Floor
    Columbia, SC 29201
    (803) 799-2000

    Alexandra M. Bradley, N.C. Bar No. 54872
    Alex.bradley@nelsonmullins.com
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603

September 4, 2025    *Counsel for Select Portfolio Servicing, Inc.*

**Certification Regarding Use of Artificial Intelligence**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**Nelson Mullins Riley & Scarborough LLP**

By: */s/ Matthew A. Abee*
  Matthew A. Abee, N.C. Bar No. 46949
  Matt.abee@nelsonmullins.com
  1320 Main Street, 17th Floor
  Columbia, SC 29201
  (803) 799-2000

  Alexandra M. Bradley, N.C. Bar No. 54872
  Alex.bradley@nelsonmullins.com
  301 Hillsborough Street, Suite 1400
  Raleigh, NC 27603

September 4, 2025    *Counsel for Select Portfolio Servicing, Inc.*

## Certificate of Service

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served the document via email to:

Edward T. Hinson Jr.
Jenna A. Geltman
525 North Tryon Street, Suite 700
Charlotte, NC 28202
ehinson@jmdlaw.com
jageltman@jmdlaw.com

*Counsel for Plaintiff*

**Nelson Mullins Riley & Scarborough LLP**

By: */s/ Matthew A. Abee*
Matthew A. Abee, N.C. Bar No. 46949
Matt.abee@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000

Alexandra M. Bradley, N.C. Bar No. 54872
Alex.bradley@nelsonmullins.com
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603

September 4, 2025         *Counsel for Select Portfolio Servicing, Inc.*